## BOYER v KIMBER ET AL.

### March 28, 1840.

*Rule to show cause why a testatum fieri facias should not be set aside.*

A *fieri facias* having issued, and a return of *nulla bona* made thereto, the plaintiff may have a *testatum,* without filing a suggestion that the defendant has not real or personal estate in the county where the judgment is obtained, under the 76th section of the act of 16th June, 1836, relating to executions.

THIS action was brought to June term, 1839, No. 281, and the plaintiff obtained a judgment. He issued a *fieri facias* which was returned *nulla bona,* and then issued a *testatum fieri facias* to Clearfield County, returnable to March term, 1840.

The defendants obtained a rule to show cause why the *testatum fieri facias* should not be set aside, on the hearing of which,

*F. W. Hubbell,* for the rule, said that the *testatum* was irregular, the plaintiff not having previously filed a suggestion that the defendant had no real or personal estate in this county. Act of 16th June, 1836, sect. 76, (*Stroud's Purd. tit. Execution.*)

*Gerhard,* contra.

[Boyer v. Kimber et al.]

PER CURIAM.—The 76th section of the act of June 16, 1836, is directory, and it is true that it permits a suggestion that the defendant has not real or personal estate in the county where the judgment is obtained, in order to enable the plaintiff to have a *testatum* execution. This provision evidently, however, refers to cases where a *fieri facias* has not been issued and returned *nulla bona.* Where that writ has been issued and so returned, record evidence is furnished that the defendant has not estate in the county, being evidence of a higher nature than the mere suggestion of the plaintiff. In such a case the old practice obtains, and no suggestion is necessary. The *testatum* was therefore rightly issued.

Rule discharged.