## Bonsall *et al. versus* Comly.

*Exemption Law not applicable to Joint Owners of Property distrained.— Replevin will not lie for Goods distrained, appraised, and reseized in disregard of Exemption Law.*

1. Replevin will not lie for chattels distrained for rent in arrear and sold by the bailiff, after an election and appraisement under the Debtors' Act of 1849; the remedy of the claimants is against the party depriving them of their rights.

2. Joint owners of chattels levied on under distress for rent due upon a lease signed by them jointly, are not entitled to the benefit of the Exemption Law.

ERROR to the Common Pleas of *Philadelphia*.

[Bonsall *et al. v.* Comly.]

This was an action of replevin by Jeremiah Bonsall and Edward W. Davis against F. A. Comly.

The material facts of the case were these:—The plaintiffs jointly leased from the defendant (who, it appeared by the avowry and cognisance, was acting as the agent of the North Pennsylvania Railroad Company) certain premises in Walnut street, in the city of Philadelphia, under written articles, dated in February, 1860. In September 1862, the lessees being in arrears for rent, the lessor, by his bailiff in his own name, distrained upon a part of the goods and chattels upon the premises for said rent. The defendants in distress, who were plaintiffs herein, claimed the benefit of the provisions of the Act of Assembly, passed April 9th, A. D. 1849, entitled "An act to exempt property to the value of $300 from levy and sale on execution and distress for rent." The bailiff selected appraisers, who appraised the articles distrained upon at the sum of $204, and the bailiff and the watchman employed by him withdrew from the possession of them. Afterward, and before said goods were removed from the premises, the defendant directed the bailiff to disregard the claim made under the Act of 1849, and to proceed; the bailiff then advertised the goods for sale. Whereupon this action was brought for the goods and chattels so reseized and advertised for sale by said defendant by his bailiff.

The plaintiffs declared in the usual form, to which the defendant made cognisance. The plaintiffs then filed a special plea in bar, to which defendant demurred, and the case was set down for argument on the demurrer. After argument, the court below (LUDLOW, J.) sustained the demurrer, and entered judgment against the plaintiffs.

To this judgment the writ of error was taken, and the following errors assigned for the plaintiffs:—

1. The learned judge erred in sustaining the demurrer of the defendant to the plea of plaintiff.

2. The learned judge erred in not entering judgment for the plaintiffs on the demurrer filed by defendant.

*J. Alexander Simpson*, for plaintiffs in error.—The questions in this case are entirely new, so far as any decision can be found in the books upon the subject, and are—1. Will replevin lie for goods and chattels properly distrained upon for rent, after being appraised and returned to the debtor under the Act of 1849, if the bailiff, by the direction of the landlord, reseizes them under the same warrant? 2. Can two persons who are jointly liable for rent, jointly claim and receive the benefit of the Act of 1849?

I. In this state replevin has always been held to be the remedy wherever one party claims goods in the possession of another: 1

Dall. 157; 6 Binn. 3; 3 S. & R. 562; 5 W. & S. 560; 3 Harris 513. Does the fact of the distress being properly made relieve the party from the consequences of his subsequent act, whenever that act becomes wrongful? It is said that an action on the case for the alleged trespass is the proper remedy, but will it always afford a complete remedy? Why will not replevin lie for goods seized upon and appraised at less than $300, if the bailiff should refuse to deliver them up? The Act of Assembly of April 3d 1779, § 2, 1 Smith's Laws 470, expressly provides for cases where replevin will not lie for goods seized upon, and the person making the seizure must *act under the authority of the state* to come within its provisions; the fact that the law provides where replevin is "irregular, erroneous, and void," leaves it in this case to be a proper remedy, for it is not within the exception. In the case in hand, there was no refusal to deliver to the claimants, for the bailiff with his watchman withdrew from the possession of the goods, leaving them in the hands of the plaintiffs after the appraisement.

II. What good reason can there be assigned why two or more persons, who are jointly liable for rent under a joint lease, cannot have the benefit of the Act of 1849? If, instead of a distress, a suit had been brought upon the lease and judgment recovered, execution issued, and a levy made upon individual property, there is no doubt but that each could claim, and would be entitled to retain three hundred dollars' worth of goods. But it is said that partnership property cannot be retained against partnership debts; suppose that to be so, how does it affect this case? Here is no partnership; there is joint responsibility it is true, but that will not make partnership.

Nowhere in this case can there be found anything that can make this joint liability a partnership. Two persons unite in renting an office, or two or more offices together, so that their expenses may be lessened, or some peculiar advantage obtained;— that will not make them partners, so that even if it be true that partnership property cannot be retained under the Act of 1849, that will not determine the question here.

*Morton P. Henry,* for defendant.—The questions are:—1. Whether a claim for the benefit of the Exemption Act, and an appraisement under it without *a delivery* by the officer, so effectually discharges the levy as to entitle the defendant in an execution to maintain replevin against the officer executing the writ? 2. Whether partners are entitled to claim the benefit of the act out of joint property, as against joint creditors?

I. It cannot be said that the Exemption Law vests a property in any specific goods in the debtor; they were all his before; it is his right to have the officer withdraw the levy and execution;

the refusal to do which will subject him to an action. If the claim gave the debtor the right to withdraw the specific goods from the levy, then it would follow that the debtor might claim their proceeds in the hands of the officer, which he cannot do : Marks's Appeal, 10 Casey 36. So also a purchaser a tsheriff's sale, even without notice, would acquire no title to goods which the defendant had elected to retain. Questions of regularity and irregularity, in claims for exemption, might be tried over the heads of innocent purchasers. In the case of an execution, of course replevin will not lie. There is a still stronger reason for applying the same principle to. a distress for rent. The chief difficulty in the administration of the Exemption Act, arises from fraudulent valuations in favour of the debtor. Where the execution is issued by a court, the appraisement is under its control; but in cases of distress for rent, there is no such redress.

The remedy by action against the officer is complete. The intention of the legislature was to allow $300 in value, and not specific articles, as mentioned in the previous act. The rule adopted in Freeman *v.* Smith, 6 Casey 264, that fraudulent conduct in concealing property by the debtor may be given in evidence in mitigation of damages in an action against the officer for selling goods which had been claimed under the Exemption Law, is inconsistent with the maintaining of an action of replevin for the same. A personal privilege may be forfeited by fraud, but no court could undertake to deprive a man of the title or possession of specific chattels, as a penalty for misconduct. See also Strouse's Executors *v.* Becker, 2 Wright 190; Shelly's Appeal, 12 Casey 373.

II. The rights of partners in chattels is to their proceeds after payment of partnership debts. No one partner has any specific property in any particular chattel. The partnership effects are primarily liable for partnership debts. If the property is delivered to them by the sheriff under a joint claim, it still continues partnership property as between themselves and their individual creditors, and as such, can be again taken in execution for partnership debts. No individual creditor of either could levy upon goods set aside to a partnership under such a claim; and consequently partners could severally obtain an exemption to the extent of $300 out of their individual effects, and a joint exemption to the extent of $300 out of partnership effects, under separate executions by individual and partnership creditors; a provision probably not contemplated by the Act of Assembly : Clegg *v.* Houston, 1 Phila. Rep. 352. A joint claim by both partners can have no greater effect in favour of the partners individually. Besides, they come neither within the spirit nor letter of the act; the words used are, "property to the value of $300, exclusive of all wearing apparel of the defendant and his

family, and all Bibles and school-books in use in the family (which shall remain exempted as heretofore), and no more owned by or in possession of any debtor, shall be exempt," &c. The words of the act have all reference to individual estate, and the words "debtor," and "defendant," are used in the singular number.

The opinion of the court was delivered, March 26th 1863, by

THOMPSON, J.—The property for which this writ of replevin issued, was seized as a distress for rent; and the fact that it was liable to be so seized, is not disputed. But it is contended, on part of the plaintiffs in error, that as it was appraised under the Exemption Act of 1849, and elected to be taken by them, it became specifically exempt, and that the landlord could not proceed in disregard of the appraisement and election, and hold it to satisfy the claim for rent. In other words, he could not change his mind, and proceed with the process in disregard of the incomplete exemption proceeding. The plaintiffs, in their plea to the avowry, do not allege a return of the property to them, but simply that it was so returned by the withdrawal of the watchman. It is apparent that it just remained in the position of its seizure for a short space of time after the appraisement; that the proceedings on the warrant were as if no demand for an appraisement had been made, and that the seizure was never relinquished. How stands the matter in this category?

After a levy a debtor has no right to any specific property seized. He has a right to claim the benefit of the exemption, and if that is allowed, and the property be set aside, his right is good to that. But if his demand be refused altogether, or before its allowance is perfected, it is refused and the officer proceeds to sell, his right of property is gone, and a right of action only remains for the wrong done by refusing the demand. The right of exemption is a personal privilege, and not an incident of property. If this were not so, the debtor might follow the proceeds of the property after the sale. This we know he cannot do, as it is property, in case of a levy on goods or chattels, and not money which he is entitled to claim: Hammer *v.* Freese, 7 Harris 255.

The appraisement and setting aside of property under the Exemption Law, is but the execution of the process in that particular; it is not a contract to restore the property to the debtor, so as to enable him to claim it from the possession of the law. If the execution or warrant be lawful and in full force, and the property be such as may be taken to satisfy it, the trespass of the officer will not render the seizure inefficient. We have an Act of Assembly which forbids parties from issuing replevins for property levied on or seized for rent in arrear, excepting as it is

allowed in the landlord and tenant proceedings: Act of April 3d 1779. Here the claim of process was not on the ground of no rent in arrear, or that the property was not justly seized, but because the bailiff committed a wrong in not allowing the exemption. If this were so, it did not unloose the hold of the law on the property that remained, and the only remedy of the plaintiffs is against the party depriving them of their rights.

It is no argument in favour of the writ of replevin, in such a case, that souvenirs or gifts, valuable to the owner on that account, may be seized and sold for rent. It was very well replied, that this might take place on an execution where replevin could not possibly reach it.

We think the action of replevin does not lie in a case like this. The plaintiffs were joint lessees of the premises, for the rent of which the distress was made. They leased jointly, and the property seized by the landlord for rent, was joint property, as the action of replevin shows, for they jointly sue to recover it. A question in the case is whether the lessees in this joint lease are entitled to the benefit of the $300 Exemption Law? If they are, how much can they claim?

These are new questions under the statute, and from the number of questions brought to this court under it, it must be admitted that it has proved a prolific source of litigation.

Joint debtors are certainly not within the letter of the statute. The words are, " property to the value of $300, exclusive of all wearing apparel of the *defendant* and *his family,* and all Bibles and school-books in use in *the family* (which shall remain exempt as heretofore), and no more, owned by or in possession of *any debtor,* shall be exempt from levy and sale, on execution or by distress for rent." And in the succeeding section it is further provided that the officer charged with the execution of any warrant for selling the real or personal property of any *debtor,* shall, if requested by the debtor, summon three disinterested persons to appraise the property, which the " said debtor may elect to retain," &c.

It seems to me quite apparent that the execution or warrant against which the exemption may be claimed, must be such as is levied on several property. To hold otherwise, where the execution is joint and the levy is on joint property, would be to allow each one of the joint debtors to claim the exemption, and that would be, in a case like the present, where there are two in number, to exempt $600, which the statute does not allow, or to exempt only $300, which would be an exemption of $150 to each, which is as foreign to the statute as is the case of allowing $600. To hold that a case of this kind is not within the meaning of the statute, accords with the words of the statute itself.

[Bonsall *et al. v.* Comly.]

It is the "debtor," the "defendant," and "his family," who are described as the beneficiaries of the statute, and the words used are to be first resorted to in ascertaining the legislative meaning. They are ordinarily to be taken in their usual import, unless a more extensive or general signification be evidently required by some other rule of construction. "*Ubi lex est specialis et ratio ejus generalis, generaliter accipienda est.*" For instance, if it should be provided in a general statute that stay of execution, or some other privilege, should be allowed to "debtors" who should apply for it under certain instructions, it could not be doubted but that it would extend to all debtors, whether joint or several. But all debtors in this statute are obviously not entitled to exemption. Nobody supposes that corporations, associations, and partnerships are, yet they may be, debtors against whom executions may issue jointly. The statute does not therefore extend universally to all debtors.

We say nothing about the case of a joint execution, levied on the property of one of several joint debtors, or consecutively on two or more, and whether each in turn, as against the execution, might have his several exemption. It will be in time to consider that when the case occurs. The case in hand is a levy on joint property, and we hold that a joint claim of exemption is not within the statute. That $300 cannot be set aside for the use of each debtor and his family, for this would exceed the statute, nor $300, to be divided, for that would be less than it allows. Besides, also, each of the debtors, in such a case, would be severally entitled to have his appraisement made at his request, and by appraisers pursuant to such request. This would call for a double set of appraisers. At least to keep within the statute, such would be the case. Many difficulties might be pointed out in the way of applying the machinery of the statute, intended to apply to the several property of a several creditor, to cases of joint property of joint creditors. We are of opinion that the landlord was not bound to regard the demand for exemption in this case, and that the judgment below must be affirmed.

Judgment affirmed.