## Friday *v.* Glasser.

*Execution—Exemption—Husband and wife.*

On a judgment recovered in an action of assumpsit against husband and wife, where each owns in severalty and in his or her individual right real and personal property, they are each entitled to have exemption from execution to the value of $300 from such property so held by them respectively.

Submitted May 16, 1900.    Appeal, No. 179, April T., 1900, by Nellie O. Glasser, one of the defendants in suit of Rachel

Friday and R. R. Liebendorfer, administrators of the estate of John P. Friday, deceased, against Martin Glasser and Nellie O. Glasser, from order and decree of C. P. Lawrence Co., Sept T., 1899, No. 11, Execution Docket, sustaining exceptions to widow's exemption. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by BEAVER, J.

Exceptions to widow's exemption. Before WALLACE, P. J.

It appears from the record that judgment was entered on the verdict for plaintiff for $432.50 against Martin Glasser and Nellie O. Glasser, his wife; execution was issued, whereupon each defendant claimed the benefit of exemption from execution to the value of $300, from their respective individual and separate properties, real and personal, with due and timely notice thereof to the sheriff.

Exceptions to the allowance of the exemption claimed by Nellie O. Glasser were sustained by the court below, which directed the sheriff to proceed with his execution. Nellie O. Glasser appealed.

*Error assigned* was to the ruling of the court that Nellie O. Glasser was not entitled to the benefit of the exemption laws in the state of Pennsylvania.

*D. B. Kurtz*, with him *L. T. Kurtz*, for appellant.

*J. Norman Martin*, for appellee.—The married woman's act of 1848 was held to be in derogation of the common law and to be strictly construed: Mahon v. Gormley, 24 Pa. 80.

But neither that act nor the married persons act of 1887 made any provisions for exemption of property of a married woman from levy and sale on a writ against her and her husband.

The legislature certainly never meant that its interposition for the sake of humanity, should afford any facility for fraudulent protection: Trovillo v. Shingles, 10 W. 438.

If the appellant is entitled to the exemption we have this condition that is certainly sui generis: Her wearing apparel exempt under the provisions of an act passed before it was

possible for a married woman to be liable on her contract, exempt because she is a member of the family of Martin Glasser, and the property claimed by her exempt because subsequent legislation has enlarged her rights and liabilities. But it will be remembered that the right to exemption, when liable jointly with her husband, is not mentioned in any legislative enactment.

OPINION BY BEAVER, J., July 26, 1900 :

The plaintiff had judgment upon a verdict against the defendants, Martin Glasser and Nellie O. Glasser, and issued an execution thereon, in pursuance of which the sheriff levied upon the separate property of each of the defendants. In the return to the writ of vend. ex., upon which their real estate was directed to be sold, he says : " At the time of issuing the fi. fa. in this case each of the defendants severally claimed the exemption of property to the value of $300, from levy and sale out of the respective real and personal properties held by each of them in severalty." It is admitted that the defendants are husband and wife, and it is not denied that the claim to exemption was made in time. Appraisers were appointed by the sheriff who set apart to each of the defendant's property to the value of $300. Exceptions were filed to the appraisement, so far as it related to the appellant, Nellie O. Glasser, and, upon argument, the exceptions were sustained and the claim of the appellant overruled and the sheriff directed to proceed to execute his writ.

The only question presented by the record is whether, on a judgment recovered in an action of assumpsit against husband and wife, where each owns in severalty and in their respective individual right real and personal property they are each entitled to have exemption from execution to the value of $300, from such property so held by them respectively.

Prior to the passage of the exemption act of 1849, the Act of April 11, 1848, P. L. 536, provided that property owned before or acquired after marriage should be owned, used and enjoyed by a married woman as her own separate property. The Act of June 8, 1893, P. L. 344, provides : " That hereafter a married woman shall have the same right and power as an unmarried person to acquire, own, possess, control, use, lease, sell

or otherwise dispose of any property of any kind, real, personal or mixed, and either in possession or expectancy, and may exercise the said right and power in the same manner and to the same extent as an unmarried person." The Act of April 9, 1849, P. L. 533, provides that property to the value of $300, owned by or in possession of any debtor shall be exempt from levy and sale on execution or by distress for rent.

The appellant, as is admitted, owned the property claimed by her under the exemption law in severalty. She was a debtor. Why is she not entitled, as any other debtor, to the benefit of the exemption? If the appellant had been the sister of Martin Glasser, there would, we take it, have been no question as to her right to the exemption but, so far as her property is concerned, she is entitled to all the rights and privileges in relation thereto as an unmarried person. The acts of April 11, 1848, P. L. 536, June 3, 1887, P. L. 332 and June 8, 1893, P. L. 344, do not and were not intended to release a married woman from her conjugal relations and marital duties. They do, however, give her absolute control of her separate property with all rights and privileges incident thereto. She is as much a debtor in a judgment such as was obtained in the present case as her husband and is entitled to precisely the same rights in relation thereto as he and, inasmuch as the exemption law provides that "any debtor" is entitled to its privileges, she is to be held as so entitled. The acts of assembly herein referred to are simple and easy of construction and, when taken together, cannot be misunderstood. The precise question has not been passed upon, so far as our reported cases show, but the question is not difficult of solution and no amount of discussion can make more plain the simple provisions of the acts of assembly.

The decree of the court below is reversed and the record returned in order that, if no other good cause be shown, the exceptions to the claim of the appellant may be overruled and the appraisement of the property set apart to her be confirmed.