## Pierce, Appellant, *v.* Boalick.

*Execution—Debtors exemption—Dispute as to title—Fraud.*

1. Where the defendant in an execution seeks to have the inquisition set aside on the ground that she had a life estate only in the land levied upon, and the court decides that she has a fee, and it appears that the deed construed by the court was made before the debt for which the judgment was recovered was contracted, the plaintiff in the execution cannot resist a claim by the defendant for the debtor's exemption, on the ground that the defendant in the former proceedings had attempted to conceal her property and defraud the plaintiff.

2. Where the defendant in an execution claims the benefit of the debtor's exemption, the burden is always on the plaintiff to show that the exemption ought not to be allowed.

Argued Oct. 29, 1909. Appeal, No. 104, Oct. T., 1909, by plaintiff, from order of C. P. Centre Co., Aug. T., 1903, making absolute rule for debtor's exemption in case of Rosa L. Pierce v. Theodora Boalick. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule for debtor's exemption out of real estate.

From the record it appeared that on April 23, 1896, the widow and the heirs at law of William Simler, father of the defendant, Theodora Boalick, joined in a conveyance of the land under levy to J. Thomas Boalick, husband of the de-

fendant in trust for the sole and separate use of Theodora Boalick for life, and after her death in trust for the heirs of her body. The defendant became indebted to the plaintiff in 1903, and judgment was entered against the defendant in that year. The property was levied upon and the defendant took a rule to set aside the inquisition on the ground that she had only a life estate in the property. The court, however, found that she had an undivided one-third interest in it as the heir at law of her father, apart from the interest which she had under the deed. The court accordingly discharged the rule to set aside the inquisition. Subsequently the defendant took a rule to show cause why $300 of the proceeds of the sale of the real estate should not be paid to her by the sheriff. The plaintiff in the execution filed an answer denying the defendant's right to the exemption on the ground that she had attempted to conceal her property and defraud the plaintiff in her right.

The court made absolute the rule for the debtor's exemption.

*Error assigned* was the order of the court making absolute the rule for the debtor's exemption.

*C. S. McCormick,* for appellant.—The action of the defendant was an attempted fraud on plaintiff's rights: Moore v. Baker, 2 Pa. Dist. Rep. 142; Strouse v. Becker, 38 Pa. 190; Emerson v. Smith, 51 Pa. 90; Huey's App., 29 Pa. 219; Markley v. Spires, 2 Pa. C. C. Rep. 424; Dieffenderfer v. Fisher, 3 Grant, 30; Larkin v. McAnnally, 5 Phila. 17; Gilleland v. Rhoads, 34 Pa. 187.

*N. B. Spangler,* for appellee, cited: Sener v. Scherff, 10 Pa. C. C. Rep. 529; Harris v. Shuster, 3 Pa. Superior Ct. 331.

OPINION BY HENDERSON, J., March 3, 1910:

The defendant's claim for exemption was recognized by the sheriff and competent persons were summoned to make the appraisement required by the Act of April 9, 1849, P. L. 533.

The property levied on was real estate, and the appraisers determined against a division of it. Thereupon after the sale the defendant obtained a rule on the sheriff to pay to her the amount of the exemption allowed by the statute. The plaintiff filed an answer contesting her right to exemption on the ground that she had denied that she had any right, title or interest in the property levied on and that she had endeavored to cheat her creditors. The answer also set forth the title of the defendant to the property sold by the sheriff. No testimony was taken, and the case was disposed of by the court on the petition for the rule and answer. The regularity of the appraisement is not questioned, and the only matter for consideration. is whether the defendant has lost her right of exemption. It was the duty of the sheriff after notice from the debtor to cause the real estate to be appraised as provided by the third and fourth sections of the exemption act unless an express waiver or some other act of the defendant was brought to his notice which clearly deprived the defendant of the right of exemption. The plaintiff might have moved to set aside the appraisement for the alleged reason that she had attempted to conceal her property and obstruct the collection of the debt which is an appropriate practice in such cases: Williamson v. Krumbhaar, 132 Pa. 455; but she chose rather to meet the question on the defendant's rule. In either proceeding the burden was on the plaintiff to show that exemption ought not to be allowed. If testimony were needed in support of any allegation made in denial of the defendant's right it was the duty of the plaintiff to produce it. There was nothing before the court which would have justified a decree against the defendant's claim. If we consider the plaintiff's case as supported by evidence, however, the act alleged was not fraudulent. The defendant's deed was a matter of record when the plaintiff's debt was created, and the latter had constructive notice at least of the character of the title. The contention of the defendant that the property was not subject to a levy because she was a cestui que trust merely was a question of law on which the judgment of the court was asked and given. But this was in no sense a

concealment of her property, nor a fraud on the plaintiff. The benevolent provision of the exemption act is not to be withheld except for clear and substantial reasons shown to exist by him who would deny to a debtor its benefits, and such reasons have not been presented in this case.

The decree is, therefore, affirmed.