## Front and Huntingdon Building and Loan Association *v.* Berzinski (et ux., Appellant,) et al.

298

Argued October 6, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John G. Kaufman,* for appellant.

*Francis J. Morrissey, Jr.,* for appellee.

OPINION BY CUNNINGHAM, J., January 27, 1938:

In this attachment execution proceeding, Mae C. Berzinski, one of the defendants (and also, as an executor of her foster mother's estate, one of the garnishees) filed a claim, under the Act of April 9, 1849, P. L. 533, 12 PS § 2161, for an exemption of $300 on the ground that a waiver thereof contained in a certain bond, executed jointly by herself and her husband, the other defendant, to the plaintiff building and loan association, was not effective with respect to her individual property.

The bond, originally for $2,500 but reduced by payments to $1,400, with interest, etc., was delivered by the Berzinskis to the plaintiff on August 6, 1925. It was ac-

companied by their joint mortgage for that amount upon the premises 7027 Walker Street, Philadelphia, owned by them by entireties, and upon which they had previously given a first mortgage to a trust company. As a result of foreclosure proceedings upon the first mortgage, the lien of plaintiff's second mortgage was discharged. No excess over the debt, interest and costs, upon the first mortgage was realized, and on April 6, 1933, plaintiff confessed judgment against the Berzinskis on their bond to it by virtue of a warrant of attorney therein contained.

Mae C. Berzinski is the adopted daughter of Annie McDonald, deceased, and a legatee under, and one of the executors of, her will. The attachment execution which gave rise to the present controversy was issued by the plaintiff association on June 14, 1935, for the purpose of attaching the individual interest of Mae C. Berzinski in Annie McDonald's estate. We are not now concerned with the validity of the attachment or of its service. Those questions can be litigated when the interrogatories and answers thereto come before the proper court.

On March 11, 1937, Mae C. Berzinski filed her claim to the exemption. The plaintiff association promptly obtained a rule upon the defendants and garnishees to show cause why the claim should not be stricken from the record. Two grounds were assigned in the petition: (a) that the bond and warrant on which the judgment was confessed "contains a waiver of exemption and hence precludes claim of exemption by either or both of the obligors; and (b) the right to claim any exemption has "been lost by laches."

After answer and argument the court below made the rule absolute and this appeal followed.

The provisions of the bond here involved read: "Know all men by these presents that we, Leopold S. Berzinski, and Mae C., his wife, of the City of Philadelphia (hereinafter called the Obligors), are held and firmly bound unto The Front and Huntingdon Building and Loan Associa-

tion......in the sum of Five Thousand Dollars,...... To which payment well and truly to be made, We do bind ourselves, our Heirs, Executors and Administrators, and every of them, firmly by these presents. Sealed with our Seals. Dated the Sixth day of August in the year of our Lord one thousand nine hundred and Twenty-Five (1925)......

"And the said Obligors for *themselves, their* Heirs, Executors, Administrators and Assigns, hereby expressly waive and relinquish unto the said Obligee, its Successors and Assigns, all benefit that may accrue to *them or any of them* by virtue of any and every law, made or to be made, exempting the premises described in the Indenture of Mortgage herewith given, or any other premises or property whatever, from levy and sale under execution ......" (Words in italics typewritten, others part of a printed form).

Appellant's contention, as we gather it, is that by the above quoted language of the bond she did not waive the right to claim a debtor's exemption of $300 out of any "premises or property" individually owned or acquired by her. Her theory seems to be that the waiver, like the promise to pay, was the joint act of her husband and herself and consequently cannot be invoked against her after acquired separate and individual interest in her mother's estate.

It is conceded that it is rather anomalous to speak of a "joint" waiver of exemption because the right to the $300 statutory exemption is a personal, individual and several privilege. She insists, however, that as she and her husband acted jointly in signing the bond, they did not, and cannot be held by implication to have, waived any individual or several right either of them might have in any property other than the mortgaged premises.

Appellant raises no question as to her joint and several liability, under the bond, to the plaintiff association for the unpaid balance of the money borrowed from it; her sole contention, so far as this proceeding is concerned, is

that she is entitled to an exemption of $300 as against that indebtedness. See *Pennsylvania Trust Co. v. Koller et ux.*, 319 Pa. 249, 178 A. 814.

As one of two joint debtors, appellant is liable in an execution on the joint judgment, to have the entire debt satisfied out of her individual property: Restatement, Contracts, § 117, which reads in part as follows: "Each person bound by a joint promise is bound for the whole performance thereof, ...... ". Illustration No. 2: C, having a joint judgment against A. & B., "may have execution on the judgment levied wholly on the property of either A. or B., or partially on the property of each."

When the essential characteristics of a claim to the statutory exemption and the language of the waiver in this bond are taken into consideration we think it clear that appellant's contention cannot be sustained. In *Bonsall et al. v. Comly*, 44 Pa. 442, it was held that the right of exemption "is a personal privilege and not an incident of property," and that where there is a joint execution and a levy upon joint property the owners cannot make a joint claim for exemption. On the other hand, in *Spade v. Bruner & Carl*, 72 Pa. 57, where the separate property of a debtor was seized under a joint execution against him and another, it was held that the former was entitled to the benefit of the exemption for himself and his family. So also in *Friday v. Glasser*, 14 Pa. Superior Ct. 94, a joint judgment was obtained against a husband and wife, each of whom owned real and personal property in severalty, it was held that each was entitled to have exemption from execution to the extent of $300 out of their individual property.

Of course there was no waiver of the benefit of the statute in any of these cases. A large part of appellant's argument is based on the false premise that the obligors in this bond were in legal contemplation a single unit "by reason of the estate by entireties as to the mortgaged premises and the building and loan shares." The obligors, being but a single person in contemplation of the law, says

appellant, could not waive an individual right. This overlooks the fact that, although holding the mortgaged premises as tenants by entireties, they signed the principal obligation, the bond, as joint obligors, exactly (except for any legal disabilities pertaining to the wife) as any other two joint obligors. As joint obligors it was entirely possible for them to waive their individual rights to any and every exemption.

The only question before the court below upon this branch of the case was the ascertainment of the intention of the parties, as disclosed by the phraseology adopted by them. The words of the waiver indicate, and are wholly consistent with, an intention by each obligor to waive any benefit that might accrue to him or her under any existing or future law exempting any property, real or personal, however owned by them or either of them, from levy and sale.

It is true that waivers of exemption should be strictly construed and no rights should be held to have been released by implication (*Pierce v. Boalick*, 42 Pa. Superior Ct. 218; *Building Association v. Schott*, 6 W. N. C. 399), but it is equally well settled that covenants in a bond, as in the case of other contracts, should be construed to mean what the parties intended in so far as that intention can be ascertained from their language: *Equitable Trust Co. v. Surety Co.*, 214 Pa. 159, 63 A. 699; *Purdy v. Massey et al.*, 306 Pa. 288, 293, 159 A. 545.

Here, the words themselves clearly show the intention of the parties and it is unnecessary to resort to any extrinsic rules of interpretation. In the phrase, "And the Obligors ...... hereby expressly waive and relinquish ...... all benefit that may accrue to them or any of them by virtue of any and every law, etc. ......" the words "to them or any of them" plainly refer to the obligors. They are the only persons to whom benefits could possibly accrue under any exemption law; the words "or any of them" are the equivalent of "or any [one] of them" and necessarily refer to, and include, any individual

right to any exemption which may accrue to either obligor.

Having reached the conclusion that appellant waived the benefit she now seeks to invoke, it is unnecessary to consider whether her claim was too long delayed. None of the assignments can be sustained.

Order affirmed.