Provident Trust Company, Appellant,
for use, *v.* Werner et ux.

284

Argued March 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harvey A. Miller,* for appellant.

*Harry I. Glick,* with him *M. Barney Cohen,* for appellees.

OPINION BY MR. JUSTICE JONES, May 27, 1946:

The Provident Trust Company, the legal plaintiff and appellant, assigns for error an order by the court below making absolute the defendants' rule to quash a *testatum* writ of *fieri facias* which the legal plaintiff had caused to be issued on a judgment in its favor against the defendants in the Court of Common Pleas of Allegheny County. The question involved is whether the appellant complied with the requirements of Sec. 76 of the Act of June 16, 1836, P. L. 755 (12 P.S. § 2631) in respect of the issuance of a *testatum* writ.

In 1935, the defendants executed and delivered to the Provident Trust Company their joint bond in the just sum of fifteen thousand dollars secured by their Federal Housing Administration mortgage of property situate in Allegheny County. The bond contained a warrant of attorney to confess judgment against the obligors upon their default under the terms of either the bond or mortgage and a waiver and relinquishment by the obligors of "all benefit that may accrue to them by virtue of any and every law, civil or military, made or to be made hereafter exempting the mortgaged premises or any other premises or property whatever, either real or personal, from attachment, levy and sale under execution, or any part of the proceeds arising from any sale thereof." The bond also contained a waiver and relinquishment by the obligors of "all benefits under the Act of Assembly of the Commonwealth of Pennsylvania of January 17, 1934 [P. L. 243], and the operation of all laws now in effect or hereafter passed to relieve the Obligor in any manner from the obligations hereby assumed. . . ."

In 1939, the defendants having defaulted on payments due by them, judgment on the bond was entered against them in Allegheny County by confession. Execution was issued on the judgment pursuant whereto the mortgaged property was levied upon and sold at sheriff's sale for a bid covering taxes and costs. Subsequently a deficiency judgment was liquidated against the defendants. Upon a later revival of the deficiency judgment, a portion thereof was allocated by order of court to the use plaintiff and the balance to the legal plaintiff. The defendants having refused to pay the latter sum, the legal plaintiff caused a *testatum* writ of *fieri facias* to issue on its judgment, directing the Sheriff of Franklin County to levy upon and sell personal property of the defendants in that county in satisfaction of the judgment. In causing the writ to issue, the plaintiff did not file a suggestion, verified by affidavit, as required by the Act of 1836, cit. supra, that the defendants in the judg-

ment had "no real or personal estate in the county where [the] judgment [was] obtained". It was because of that omission that the learned court below quashed the writ on the defendants' petition.

The appellant contends that the filing of the specified suggestion was unnecessary in the circumstances (1) because of the defendants' express waiver in their bond of certain statutory benefits in favor of debtors and (2) because the prior writ of execution, whereon the mortgaged property had been sold, failed to make the money sought to be recovered. Neither of these reasons is sufficient to excuse the plaintiff's failure to file the suggestion.

A waiver is to be strictly construed and, hence, may not be read so as to relinquish or release rights by implication: *Henry Shenk Company v. Erie,* 352 Pa. 481, 487, 43 A. 2d 99; *Front and Huntingdon Building and Loan Association v. Berzinski,* 130 Pa. Superior Ct. 297, 302, 196 A. 572. So viewing the waivers in the bond, they effected no more than a relinquishment of the obligors' statutory rights, as debtors, to the *exemption* of a portion of their property from levy and sale upon an execution issued on a judgment entered on the bond, from stays, etc. In no event could the waivers be considered as dispensing with the prescribed procedural requirement as to the prior establishment of the fact of "no property" essential to the issuance of a *testatum* writ. That requirement did not create a right personal to the obligors which they were at liberty to waive. It goes to the power of a court to issue a *testatum* writ and was undoubtedly imposed in order to compel the exhaustion of a judgment debtor's assets in the county of the judgment's entry before resort be had by way of execution on the judgment against property of the debtor situate in another county. The requirement is a reasonable and readily understandable provision for the equal treatment of a debtor's creditors generally without thought of conferring a benefit upon the debtor. The waivers neither could nor were

they intended to obviate the filing of the required suggestion.

In support of the second reason that the issuance of the prior execution, whereon the mortgaged property in Allegheny County was sold, rendered the filing of the suggestion unnecessary, the appellant cites and relies upon *Boyer v. Kimber*, 2 Miles 393 (1840). In that case a judgment creditor issued a writ of *fieri facias* to which a return of *nulla bona* was made. Thereafter the judgment creditor, without filing a suggestion as specified by the Act of 1836, caused a *testatum* writ of *fieri facias* to issue. On a rule to set aside the writ, the District Court of Philadelphia County discharged the rule and thus sustained the writ, holding that the provision in the Act of 1836 which allows for the issuance of a *testatum* writ of *fieri facias,* "without any previous writ", upon the filing of the specified suggestion ". . . refers to cases where a *fieri facias* has not been issued and returned *nulla bona."* In justification of the ruling, the learned court reasoned that "Where that writ has been issued and so returned, record evidence is furnished that the defendant has not estate in the county, being evidence of a higher nature than the mere suggestion of the plaintiff. In such a case the *old* practice obtains, and no suggestion is necessary." (Emphasis supplied).

Even with the Act of 1836 so construed, the facts of the instant case do not present a situation like that in *Boyer v. Kimber,* supra. Here there was no previous writ of *fieri facias* which had been returned *nulla bona.* The only writ, prior to the *testatum* writ, that had been issued in this case was the writ of execution whereon the mortgaged property in Allegheny County had been levied upon and sold. Consequently, it cannot be said that there was any record evidence furnished by a writ return that the defendants had no property, real or personal, in Allegheny County. A suggestion to such effect, verified by affidavit, was therefore essential to the issuance of the *testatum* writ. As the procedure is statu-

torily prescribed, it was necessary that it be pursued strictly. The rule so requiring was legislatively declared in this State at an early date [1] and has been uniformly applied. See *Bartron v. Northampton County*, 342 Pa. 163, 168, 19 A. 2d 263, and cases there cited. Cf. *Commonwealth v. Lentz*, 353 Pa. 98, 104, 44 A. 2d 291.

The order of the court below is affirmed.

---

[1] Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, Sec. 13, 46 P.S. §156.