## Bohlander v. Collins et ux.

Before Lencher, P. J., and Brown, J.

*William C. Hurtt* and *Paul, Lawrence & Wills*, for plaintiff.

*William Friedman*, for defendants.

BROWN, J., May 19, 1950.—The matter involved in the present controversy came before the court on the general argument list, by virtue of a petition and order of court on behalf of plaintiff, on a rule to show cause why the claim of exemption, under the Act of April 9, 1849, P. L. 533, should not be allowed, and for stay of execution pending disposition of the rule. Defendants' answer to the petition to disallow claims for exemption admits all of the allegations of plaintiff's petition, except that defendants claim they are entitled to the exemptions under the act aforesaid, by virtue of being members of the same household as man and wife, and that they are entitled to the exemptions either jointly or individually.

The facts, as shown by the record and admitted by both plaintiff and defendants, are as follows: Plaintiff filed her complaint in assumpsit alleging that on January 20, 1948, she orally agreed to sell to defendants certain household goods and furniture, for a total consideration of $1,500, which amount defendants agreed to pay to plaintiff. Subsequently the household goods were delivered to defendants, and defendants paid the sum of $1,000 of the contract price, leaving a balance of $500, which plaintiff claimed defendants refuse to pay. Upon trial of the matter the verdict of the jury in the amount of $561.90 was returned on March 6, 1950, in favor of plaintiff and against defendants, and judgment was subsequently entered on the verdict. On March 14, 1950, plaintiff caused a writ of fieri facias to issue on the judgment and levy was made on the personal property of defendants, which to all intents and purposes is the same property or household goods which were the subject of the suit in assumpsit. Sale on the levy was duly set, but prior to the sale defendants filed a claim of exemption of $300 each out of the property, under the provisions of the Act of April 9, 1849, P. L. 533, with the Sheriff of Allegheny

County. Plaintiff alleges that the property—the subject of this controversy—is jointly owned by defendants, and defendants in their answer admit that the property is the joint property of defendants. ◦

The sole question therefore is: May joint debtors claim either severally or jointly out of joint property an exemption of $300 out of said property, under the Exemption Act above referred to?

Defendants in their brief insist that public policy favors liberal construction of the exemption laws, and this assertion is perhaps in keeping with the language of the Superior Court of our State, in Maschke, Recr. v. O'Brien, 142 Pa. Superior Ct. 559, wherein that court in making reference to the Exemption Act, held:

"The Exemption Act of April 9, 1849, P. L. 533, is to be applied in the liberal and benevolent spirit in which it was enacted." (syllabus)

We take the interpretation of the exemption statute, as laid down in Saxe v. Board of Revision of Taxes, 311 Pa. 545, wherein the Supreme Court admonishes as follows:

"Under our Pennsylvania authorities, exemption provisions must be strictly construed."

The subject involved in this controversy was before the Supreme Court of our State in Bonsall et al. v. Comly, 44 Pa. 442 (1863), and we quote the following from the opinion of the court:

"Joint debtors are certainly not within the letter of the statute. The words are, 'property to the value of $300, exclusive of all wearing apparel of the defendant and his family, and all Bibles and school-books in use in the family (which shall remain exempt as heretofore), and no more, owned by or in possession of any debtor, shall be exempt from levy and sale, on execution or by distress for rent'. And in the succeeding section it is further provided that the officer charged with the execution of any warrant for selling

the real or personal property of any debtor, shall, if requested by the debtor, summon three disinterested persons to appraise the property, which the 'said debtor may elect to retain', &c.

*"It seems to me quite apparent that the execution or warrant against which the exemption may be claimed, must be such as is levied on several property.* To hold otherwise, where the execution is joint and the levy is on joint property, would be to allow each one of the joint debtors to claim the exemption, and that would be, in a case like the present, where there are two in number, to exempt $600, which the statute does not allow, or to exempt only $300, which would be an exemption of $150 to each, which is as foreign to the statute as is the case of allowing $600. To hold that a case of this kind is not within the meaning of the statute, accords with the words of the statute itself." (Italics supplied.)

We quote the following from the opinion of the court in Spade v. Bruner and Carl, 72 Pa. 57 (1872), in a case involving joint execution against the separate property of one of the joint debtors who claimed the $300 exemption, wherein Justice Sharswood reached this conclusion:

"Here the execution was levied on the property of 'a defendant' and a 'debtor'—for so far as he was concerned when his several property was seized for a debt for which he was liable therefor jointly with another—*it was to all intents and purposes the same as if it had been on a several execution issued on a several judgment.* The practical difficulties in the way of an exemption claim by joint debtors out of joint property do not arise. Each debtor has a right under the law to an exemption of his own property to the extent of the three hundred dollars; and no reason whatever exists that he should not have the benefit of it for himself and his family. If, under the same execution, the several property of each should be seized, there must

undoubtedly be two sets of appraisers—but that forms no objection—because the property of each to be appraised is different. *It did present a difficulty in the case of joint property, for there it would be an appraisement of the same things by two different sets of appraisers."* (Italics supplied.)

The Supreme Court of Pennsylvania, in Hawley v. Hampton et al., 160 Pa. 18 (1894), affirming the opinion of the learned judge of the court below, in a case that involved a claim for exemption of joint owners of a certificate of stock pledged for a joint debt, again laid down the following rule of law:

"There being, then, joint ownership in the stock, the defendants cannot claim the benefits of the exemption law. *In fact, it is not capable of division within the meaning of the exemption law.* The appraisement gives each a one-half interest in the stock, which makes them again owners in common. It is not setting apart any specific property to either defendant." (Italics supplied.)

The Superior Court of our State, in Friday v. Glasser, 14 Pa. Superior Ct. 94 (1900), reënunciated the principle of law in Spade v. Bruner, supra, in the following language:

"The only question presented by the record is whether, on a judgment recovered in an action of assumpsit against husband and wife, *where each owns in severalty and in their respective individual right real and personal property they are each entitled to have exemption from execution to the value of $300 from such property so held by them respectively."* (Italics supplied.)

The decision of the court was that each defendant was entitled to the $300 exemption out of the separate property of each defendant.

In Pinsker v. Healy, 31 Luz. L. R. 366 (also cited in 52 York 76), Judge Fine, of the Common Pleas

Court of Luzerne County, disallowed a claim for exemption on joint property, holding:

"*In case of levy on joint property, a joint claim of exemption is not within the statute*, and thus where it was disclosed that property levied upon was purchased from plaintiff by both defendants, the estate by entireties was never divested." (syllabus) (Italics supplied.)

Counsel for defendants, in his brief, cites as authority to allow the exemption in the case at hand, the case of In re Assigned Estate of Hannah B. Delliker, 3 Del. Co. 357, wherein execution was made against two tenants in common and where the court granted a single exemption of $300. The question of joint debtors was not before the court in the Delliker case, and the language of that case, relied upon by counsel for defendants in the case at hand, to wit:

"If a joint judgment were obtained and execution issued against a husband and wife, the spirit of the law would permit them to claim the exemption allowed by law from their joint or common property" is obiter dicta.

While we are inclined to a "humane construction of the $300 exemption law" (Hanley v. O'Donald, 30 Pa. 261), we are bound by the construction placed upon this statute by the decisions of our appellate courts, and from a review of the decisions of our appellate courts quoted above, it is apparent that joint property cannot be the object of exemption of $300 under the provisions of the Act of April 9, 1849, P. L. 533. To come to any other conclusion would be in opposition to the well-founded decisions of our Supreme and Superior Courts, heretofore referred to. If joint property, as we find from the decisions, cannot be the object of the exemption of $300, then it is immaterial whether defendants' claim be for a single exemption of $300, or a joint exemption of $300.

We therefore conclude that defendants, out of their joint property, have neither an individual nor a joint claim of exemption, and therefore the rule of plaintiff, granted on defendants to show cause why the exemption claims of defendants, under the Act of April 9, 1849, P. L. 533, should not be disallowed, is made absolute; and the order of this court dated March 25, 1950, staying the sale set for March 31, 1950, is accordingly vacated, and the Sheriff of Allegheny County directed to proceed with the sale upon the writ of fieri facias.