## Trevose Building & Loan Association v. Dimmick et ux.

*C. Wilson Roberts* and *C. W. Roberts, Jr.*, for plaintiffs.

*James Fitzcharles, 3rd*, for defendants.

BIESTER, P. J., April 29, 1955.—This matter is before us as the result of a rule granted upon plaintiff to show cause why a writ of fieri facias issued in execution upon a judgment obtained in an action of mortgage foreclosure should not be quashed.

On September 12, 1954, plaintiff filed its complaint to foreclose a mortgage, defendants being the mortgagors and real owners of the premises against which the foreclosure action was directed.

On November 5, 1954, judgment was taken against defendants in the amount of $5,354.31. This suit and the judgment taken thereon were in accordance with Pa. R. C. P. 1141-1148, and defendants are not critical of the method employed in procuring the judgment.

On November 12, 1954, plaintiff, by its attorney, filed a præcipe with the Prothonotary of Bucks County directing the issuance of a fieri facias to the sheriff, the sheriff being directed to levy against and sell the mortgaged premises.

Defendant, Christine Dimmick, thereupon presented a petition to this court upon which the rule to show cause why the fieri facias should not be quashed was granted.

The question presented is the availability of the writ of fieri facias as a means of enforcing a judgment obtained on an action of mortgage foreclosure.

This method of foreclosure contemplated by Pa. R. C. P. 1141-1148, inclusive, provides the procedure in obtaining a judgment in a mortgage foreclosure action and supplants, and is successor to, the foreclosure of mortgages by writs of scire facias. These rules, however, are intended only to supply the method of obtaining the judgment in the mortgage foreclosure and leave untouched the method of enforcement of the judgment by execution.

"These rules eliminate the writ of scire facias and the procedure up to the point of judgment. However, they do not affect execution or any other matters after

judgment": Commentary in Goodrich-Amram under Pa. R. C. P. 1143.

"The provisions of Section 6 of the Act of 1705 relating to execution remain in effect": Anderson Pa. Civil Practice, vol. 3, page 615.

This construction is unavoidable in view of Pa. R. C. P. 1460 which suspends only that part of "Section 6 of the Act approved 1705, 1 Sm. L. 57, Ch. CLII, 21 PS §791, insofar as it relates to writs of scire facias to foreclose mortgages, the service of writs of scire facias and the entry of default judgments for want of appearance".

The provisions of section 6 of the Act of 1705 relating to execution are, therefore, still in effect, the language of the unrepealed section providing that "the plaintiff [in the action of mortgage foreclosure] shall have execution *by levari facias*, directed to the proper officer; by virtue whereof the said mortgaged premises shall be taken in execution and exposed to sale", etc.

Plaintiff apparently takes the position that the Act of May 6, 1929, P. L. 1557, as amended, 21 PS §804, substitutes the writ of fieri facias for the writ of levari facias. This act, however, applies only to personal judgments entered upon a bond or promissory note accompanying the mortgage. In such cases it eliminates the necessity of the intermediate writ of venditioni exponas, permitting the sale of the real estate secured by the mortgage upon a fieri facias without the necessity of the issuance of any other writ. We fail to see how this act in any way affects the completely separate action of mortgage foreclosure, which is expressly defined in Pa. R. C. P. 1141 as "an action at law to foreclose a mortgage upon any estate, leasehold or interest in land but shall not include an action to enforce a personal liability".

There appears to be no necessity to herein discuss

the long recognized distinction between the action in rem, or de terris, involved in mortgage foreclosures and the in personam action involved where judgment is taken on the bond accompanying the mortgage. Suffice it to say that these companion methods of enforcing the mortgage debt also contemplate two entirely different methods of procedure.

"The writ of execution, on the judgment obtained on the scire facias issued upon it is 'Levari facias', which is the appropriate writ of execution, in this State, against land on judgments in rem (Hart v. Homiller's Exr., 23 Pa. 39, 43; Troubat & Haly's Practice, sec. 1437, Brightly's Ed.); while 'Fieri facias', followed by 'Venditioni exponas'—if inquisition and condemnation are not waived—is the appropriate writ of execution on judgments in personam": Provident Trust Co. v. Judicial B. & L. Assn. et al., 112 Pa. Superior Ct. 353, 359.

Plaintiff presents the alternative argument that if the method used was improper it was such an error as was waived by that clause of the mortgage which permits, upon the obtaining of judgment, "execution for the recovery of the money hereby secured, without any stay or exemption from execution or other process, *and with full release of all errors*". (Italics supplied.)

The issuance of this writ of fieri facias, under the circumstances here present, is contrary to the statutory law. It involves not merely the personal right of the mortgagors which they might waive, but goes to the very power of the court and its officers to issue and enforce the writ. Such waivers cannot be considered as suspending the prescribed procedural requirements under an act of assembly. Although incidental procedural defects might be waived, it appears clear to us that the mortgagors could not authorize the prothonotary to issue a writ contrary to law, nor to sanction the sheriff in proceeding upon a writ so irregu-

larly issued: Provident Trust Co., for use, v. Werner et ux., 354 Pa. 283.

In the language of The Keystone Collieries v. Mudge, 256 Pa. 130, 134.: "Want of conformity to these, . . . (statutory requirements) touches the foundation of the proceeding and is enough to impeach the authority of the officer."

In consonance with the foregoing opinion we make the following

*Order*

Now, to wit, April 29, 1955, the writ of fieri facias issued at the direction of plaintiff, Trevose Building and Loan Association, in execution upon the judgment in mortgage foreclosure against defendants, Carl D. Dimmick and Christine Dimmick, his wife, is hereby quashed without prejudice to the right of plaintiff to enforce its judgment by the appropriate writ of execution. The costs are directed to be paid by plaintiff.