## Public Federal Savings and Loan Association v. Scott-Taylor, Inc.

*Dallett Hemphill*, for plaintiff.
*Lawrence M. Aglow*, for defendant.

GAWTHROP, P. J., February 2, 1967.—Plaintiff seeks determination of the fair market value of two parcels of real estate, one located in this county and the other in Bucks County, both of which were sold upon writs of execution issued by the prothonotary of this court as authorized by Pennsylvania Rule of Civil Procedure 3103(b), and directed to the Sheriffs of Chester and Bucks Counties, respectively, upon a judgment entered against defendant in Chester County. Defendant questions the jurisdiction of this court to determine the fair market value of the Bucks County property, insisting that only the Bucks County court has jurisdiction to do so. We cannot agree.

The Pennsylvania Rules of Civil Procedure covering enforcement of judgments, rules 3101ff, provide in rule 3103(b) that a writ of execution issued in the county in which a judgment is entered "may be directed to the sheriff of any county", in rule 3103(d) that writs may be issued "at the same or different times or to the sheriffs of different counties without a prior return of any outstanding writ", and in rule 3104(b) that when the sheriff of another county receives such a writ "it shall be his duty to deliver it to the prothonotary of his county who shall thereupon index it and return it to the sheriff for execution. Such indexing shall have the same effect as the indexing of a judgment against the defendant". A note of the Procedural Rules Committee under rule 3104 providing for indexing execution writs in the judgment docket refers to the Judgment Lien Law of July 3, 1947, P. L. 1234, sec. 7, 12 PS §883, which indicates the effect of such indexing. Rule 3241 suspends the sections of the Act of June 16, 1836, P. L. 755, sec. 76, 21 PS §2631, authorizing testatum writs of fieri facias, except insofar as they relate to the lien acquired by indexing a writ. But the Act of March 27, 1945, P. L. 83, sec. 2, 12 PS §914, permitting petitions to open judgment upon which a

testatum writ has been issued to be filed either in the court where the judgment is originally entered or in the court of the county whose sheriff is directed to execute thereon has not been suspended by the Rules of Civil Procedure.

The purpose and effect of the above rules is to substitute for the testatum writ, which could issue only upon affidavit that defendant had no property in the county where the judgment was entered (Provident Trust Co. v. Werner, 354 Pa. 283) an execution writ directed to the sheriff of another county or counties without requiring an affidavit of no property and to permit its issuance at the same time as, or at another time than, the issuance of a writ in the county where the judgment was obtained. The requirement that the sheriff of the other county index the writ in the office of the prothonotary of his county not only gives it the lien of a judgment in that county but establishes jurisdiction in the court of that county for the purpose of possible proceedings to open the judgment; it is the procedural implementation of the Act of 1945, supra: R. D. Schultz Company v. Kalata, 33 D. & C. 2d 209. The Act of 1836, supra, sec. 76, 12 PS §2631, expressly made a testatum writ "returnable into the court from which it shall issue". Consequently, as in the case of its predecessor, the testatum writ, except for the limited purposes of the act of 1945, supra, for defendant's convenience, the intent of the rules is that, although the execution sale was made in another county, having been made on a writ issued out of the county in which the original judgment was entered, that court alone has jurisdiction of the execution proceedings.

In our view the rules intended to continue the same basic principles and to preserve sole jurisdiction of the execution proceedings in the court out of which the writ issued. The Deficiency Judgments Act of July 16, 1941, P. L. 400, sec. 1, 12 PS §2621.1, requires petitions

filed thereunder to be addressed to the court "having jurisdiction": Dearnley, to use, v. Survetnick, 360 Pa. 572. That court continues to be the court out of which the writ issued upon which the execution sale was made. Nothing contained in Dearnley, supra, is to the contrary. In conclusion, while properties in two different counties are involved, we are concerned with only a single deficiency judgment. The original judgment being of record in Chester County, whereas nothing but the execution writ is indexed in Bucks County, jurisdiction of a single deficiency judgment proceeding was intended under the act and the rules to be proceeded with in the county where the original judgment is entered.

From an analysis of the admissible evidence taken in these proceedings, we hereby determine the fair market values of the respective properties involved as of the dates of the respective sheriff's sales to be as follows:

Premises situate at the intersection of West Chester Pike and Pothouse Road, Westtown Township, Chester County, Pa., on June 17, 1966—$173,000.
Deduct therefrom:

| | |
|---|---:|
| Prothonotary of Chester County, costs. $ | 18.50 |
| Sheriff of Chester County, costs ...... | 137.63 |
| Pennsylvania and Township of Westtown on $169,000 .............. | 3,380.00 |
| 1966 County, Township and School District taxes paid by Plaintiff .... | 3,361.37 |
| Bid Price at sale ................ | 1.00 |
| | $ 6,898.50 |
| Fair market value allowable according to law ....................... | $166,101.50 |
| Premises situate on Old York Road, Solebury Township, Bucks County, Pa., on July 8, 1966 ............. | $ 35,000.00 |

Deduct therefrom:

| | |
|---|---:|
| Prothonotary of Chester County, costs . $ | 10.00 |
| Prothonotary of Bucks County, costs . | 10.00 |
| Sheriff of Bucks County, costs . . . . . . . | 473.01 |
| Transfer taxes of Commonwealth of Pennsylvania and Solebury Township on $18,000 . . . . . . . . . . . . . . . . | 360.00 |
| 1966 County, Township and School District taxes paid to Sheriff of Bucks County . . . . . . . . . . . . . . . . . . . . . . . . | 1,974.94 |
| Bid price at sale. . . . . . . . . . . . . . . . . . | 17,000.00 |
| | $ 19,827.95 |
| Fair market value allowable according to law . . . . . . . . . . . . . . . . . . . . . . . . | $ 15,172.05 |

Deduct

| | |
|---|---:|
| Interest on judgment for $250,595.18 from May 5, 1966 to June 17, 1966, and on the reduced amount of $250,-594.18 from June 17, 1966 to July 8, 1966 . . . . . . . . . . . . . . . . . . . . . . . . $ | 2,505.92 |
| Interest on the reduced amount of $233,594.18 from July 8, 1966, to September 19, 1966 . . . . . . . . . . . . . . | 2,923.15 |
| Interest on the same to February 1, 1967 . . . . . . . . . . . . . . . . . . . . . . . . | 5,138.60 |
| | $ 10,567.67 |
| Net fair market value allowable to defendant . . . . . . . . . . . . . . . . . . . . . . | $170,705.88 |

## SUPPLEMENTAL OPINION

On March 14, 1967, notice of appeal in the above-entitled matter was served upon the hearing judge. Certiorari from the Supreme Court of Pennsylvania was filed in this court on March 17, 1967, returnable the third Monday of April, 1967. As yet, appellant

has not given notice to the hearing judge under Supreme Court Rule 63 of the matters complained of. Our opinion and order, filed of record February 2, 1967, fixing the fair market value of the two tracts of land involved, does not state the reasons for arriving at the valuation of the respective tracts as established by that order. Assuming, however, that appellant intends to attack on appeal the valuations fixed by our order, now, in accordance with Supreme Court Rule 63, we state the reasons for reaching those valuations.

The valuation of each tract of land involved depended upon credibility of the respective valuation witnesses and their testimony. We did not credit the valuation evidence adduced on behalf of defendant. On the contrary, we did credit the valuation evidence adduced on behalf of plaintiff. On that basis, we fixed the valuations determined for the respective tracts, believing them to be supported by the credible evidence in the case.